UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAMMEL V. JOHNSON,

   Petitioner,

 v.              Case No. 09-C-514

WILLIAM J. POLLARD,

   Respondent.

## ORDER

  On May 21, 2009, Trammel V. Johnson filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Johnson was convicted after a jury trial in Milwaukee County Circuit Court of attempted first degree intentional homicide and attempted armed robbery, both as party to a crime, and was sentenced to concurrent terms of twenty years in prison on each count, to consist of ten years of initial confinement and ten years of extended supervision. He is currently incarcerated at Green Bay Correctional Institution.

  I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The two grounds upon which Johnson seeks to challenge his state court conviction are ineffective assistance of his trial and appellate counsel. Trial counsel was ineffective, Johnson claims, for advising him to reject the prosecutor's plea offer and go to trial, despite overwhelming evidence, in reliance on a legally insufficient defense. He claims that the ineffective assistance continued when appellate counsel failed to properly present the claim to the trial court on a post-conviction motion. The decisions of the Wisconsin Court of Appeals affirming his conviction and the orders denying his motions for post-conviction relief, copies of which are attached to his petition, provide the context for Johnson's claims.

Johnson's charges stem from an attempt to rob a Burger King restaurant with Toni J. Toston on October 1, 2000. *See State v. Johnson*, 2003 WI App 111, 264 Wis. 2d 894, 664 N.W. 2d 127 (unpublished decision). At trial, Burger King employee Thomas Erwine testified that Toston opened the restaurant's back door, put a ski mask on and pointed a gun in Erwine's face. *Id*. at ¶ 3. Another man wearing a Spiderman mask, later identified as Johnson, was three feet behind Toston. Erwine testified that both men were armed. *Id.* Toston demanded money and a struggle ensued, at which point Johnson cocked his weapon and Erwine placed his hands in the air. Erwine testified that Toston then told Erwine he was going to kill him and shot Erwine in the face. *Id*. at ¶ 4. Erwine survived the shooting.

The theory of defense was that Johnson was not legally responsible for the shooting because he withdrew from the plan to commit the crime before Totson shot Erwine. Consistent with a

2

statement he had previously given police, Johnson admitted that he participated in the robbery, but testified that he ran away when Toston threatened to kill Erwine because he "couldn't take part in a homicide." *Id.* at ¶5. He admitted on cross-examination, however, that he did not communicate the fact that he was leaving to Totson before he ran away, and Erwine testified that Johnson did not indicate in any way that he did not want to participate in the robbery. The jury found Johnson guilty on both counts.

Johnson claims he did not want to go to trial but his attorney convinced him that he had a valid defense. Sometime before the trial, Johnson had received a substantial sentence for an unrelated robbery. In light of that sentence, the prosecutor amended her plea offer and agreed to reduce the attempted homicide charge to attempted first-degree reckless homicide and to recommend a concurrent sentence. Johnson claims that his attorney advised him to reject the offer and go to trial on the theory that he had withdrawn from the conspiracy by running away. *Id.* at ¶ 5. He claims his attorney never explained the elements of the defense of withdrawal, however, and that the first time he heard of the requirement that a person who withdraws from a conspiracy must notify his co-conspirator of his withdrawal was at trial. Had he known about that requirement earlier, he contends, he would have accepted the prosecutor's plea offer.

Based on these allegations, Johnson claims his trial attorney provided ineffective assistance. His appellate attorney compounded the problem, he contends, by failing to properly present the issue to the trial court in his first post-conviction motion. Although appellate counsel alleged ineffective assistance of trial counsel, she failed to support the motion with the evidentiary materials needed to warrant a hearing on the issue. As a result, the motion was summarily denied by the trial court, and both his conviction and the summary denial of his post-conviction motion were affirmed

3

on appeal. Johnson then filed a pro se motion for post-conviction relief which was also denied, but only after an evidentiary hearing. The Wisconsin Court of Appeals likewise affirmed that order, and Johnson's petition for review to the Wisconsin Supreme Court was denied. It thus appears that he has exhausted his state court remedies.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). The Seventh Circuit has held that the right to effective assistance of counsel extends to assistance rendered when deciding whether to reject a plea offer, *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Toro v. Fairman*, 940 F.2d 1065, 1061 (7th Cir. 1991), and it has further recognized that counsel's performance may be deficient "if he advises his client to reject a plea bargain in the face of overwhelming evidence of guilt and an absence of viable defenses." *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005) (citing *Toro*, 940 F.2d at 1068). Johnson's allegations present at least colorable constitutional issues regarding whether the assistance of counsel he received at trial and on appeal was effective. If, as he alleges, his trial counsel advised him to reject a plea offer and proceed to trial based upon a mistaken understanding of the defense of withdrawal, Johnson may be entitled to relief.

Of course, the trial court rejected Johnson's claims on their merits after conducting an evidentiary hearing on his pro se motion for post-conviction relief. At least, that is what the decision of the Court of Appeals affirming the trial court's order denying the motion indicates. According to the Court of Appeals' decision, Johnson's trial attorney testified and contradicted much of what Johnson now claims. Johnson's trial counsel testified that he indeed had explained the withdrawal defense and its elements to Johnson and explained that if the case went to trial the

4

defense would be that his running away was an "implicit announcement" to Toston that Johnson was withdrawing:

> Counsel testified that he told Johnson that the withdrawal requires the conspirator to announce to his partner that you are no longer going along with the plan. Counsel also said that he adequately advised Johnson about his liability under the natural and probable consequences basis. With respect to plea negotiations, counsel stated that there was a push to dismiss the homicide count based on withdrawal and that Johnson's stance was that he would plead guilty to the armed robbery if the State dismissed the homicide. Otherwise, he was taking the case to trial. It was Johnson's decision to go to trial, that they had many discussions about it and that if Johnson said he did not want to go to trial, counsel would not have tried the case.

*State v. Johnson*, Appeal No. 2006AP2890 (unpublished decision), 2008 WI App 51, ¶ 9 (Ct. App. Feb. 20, 2008). The trial court found counsel's testimony more credible than Johnson's and based on that testimony and the record as a whole, the court found that Johnson had in fact been fully advised of the elements of withdrawal. The trial court concluded that counsel's performance was therefore not deficient and that his defense strategy, given Johnson's refusal to accept the state's plea offer, was reasonable. The Court of Appeals thereafter affirmed, concluding that the trial court's findings of fact were not clearly erroneous.

In light of these factual findings, Johnson can only obtain federal relief under 28 U.S.C. § 2254 if he is able to show that the decision of the state courts was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2). I cannot make that determination, however, on the limited record before me. Accordingly, Johnson will be permitted to proceed on his petition and the custodian will be ordered to respond. I will presumably need to review at least Johnson's trial testimony and the transcript of the hearing on Johnson's pro se post-conviction motion to determine whether the State court's determination of the facts was unreasonable in light of the evidence presented.

5

Johnson also filed with his petition an application for leave to proceed *in forma pauperis*. He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed *in forma pauperis* will be denied as moot.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that, unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

6

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is denied as moot.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   30th   day of June, 2009.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge

7

Case 1:09-cv-00514-AEG   Filed 06/30/09   Page 7 of 7   Document 3